UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. S2-4:09CR509 JCH |
| ) | |
| RANDALL K. SUTTON, ) | |
| SHARON NEKOL PROVINCE, ) | |
| JAMES DOUGLAS CASSITY, ) | |
| a/k/a DOUG CASSITY, ) | |
| BRENT DOUGLAS CASSITY, ) | |
| HOWARD A WITTNER, and ) | |
| DAVID R. WULF, ) | |
| ) | |
| Defendants. ) | |

**MOTION OF THE UNITED STATES FOR ISSUANCE OF A PRELIMINARY
ORDER OF FORFEITURE FOR SUBSEQUENTLY DISCOVERED PROPERTY**

COMES NOW the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Steven A. Muchnick, Charles S. Birmingham, and Richard E. Finneran, Assistant United States Attorneys for said District, and moves this Court to issue a Preliminary Order of Forfeiture in the above-captioned case. In support thereof, the United States sets forth the following:

1. On March 11, 2014, based on Defendants Sharon Nekol Province, Brent Douglas Cassity, James Douglas Cassity, Randall K. Sutton, and Howard A. Wittner's signed Guilty Plea Agreements, and Defendant David R. Wulf having been convicted of certain charges for which criminal forfeiture is authorized by statute, this Court entered a Final Order of Forfeiture, ordering the forfeiture of the certain property to the United States.

1

2. Also included in the Final Order of Forfeiture was a money judgment against Defendants Sharon Nekol Province, Brent Douglas Cassity, James Douglas Cassity, Randall K. Sutton, and David R. Wulf, in the amount of $435,515,234.00.

3. Subsequent to the issuance of the Final Order of Forfeiture, the United States was contacted by representatives of the Westmoor Club, Inc. (the "Club"), a private club in Nantucket, Massachusetts. Representatives of the Club informed the United States that the Club was in possession of approximately $200,585.66 that had been paid by Defendant James Douglas Cassity (the "Defendant") to purchase a membership in the Club (hereafter, the "Subject Property"). The Club informed the United States that it has since expelled the Defendant from the Club, and that the Club wishes to relinquish the Subject Property to the United States. Under the terms of the Membership Plan provided by the Club, the Defendant has no claim to Subject Property as a result of his expulsion.

4. Investigation by the United States has revealed that the Subject Property is traceable to the offenses to which the Defendant has pled guilty. In particular, records reflect that the funds used to purchase the membership were drawn from an account at First Bank ending in 3176, an account that was funded by exclusively by proceeds of the offenses to which the Defendant pled guilty.

5. To the extent that Defendant might dispute either the traceability of the Subject Property or the fact that any interest he might claim in the Subject Property has been eliminated by virtue of his expulsion from the Club, that would not insulate the Subject Property from forfeiture. Indeed, to the extent that the Subject Property may be said to be the property of the Defendant, it is

subject to forfeiture as a substitute asset under 21 U.S.C. § 853(p). Defendant is also presently subject to a money judgment in the outstanding amount of approximately $431,456,997.68.

6. The Club has indicated that it does not intend to claim any interest in the Subject Property, and the United States knows of no other third party that might claim an interest in the Subject Property.

7. The United States therefore requests that the Court issue a Preliminary Order of Forfeiture with respect to the Subject Property. Upon issuance of a Preliminary Order of Forfeiture, the United States shall publish notice of the Order and send direct notice to any person who may reasonably appear to be a potential claimant with standing, pursuant to and in accordance with Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(n). Upon adjudication of all third-party interests, the United States shall move this Court for an Amended Final Order of Forfeiture declaring the Subject Property forfeited pursuant to Rule 32.2(e).

8. Rule 32.2(e) provides that "[o]n the government's motion, the court may at any time enter an order or forfeiture . . . to include property that (A) is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or (b) is substitute property that qualifies for forfeiture under an applicable statute." The property sought here to be forfeited satisfies that provision.

WHEREFORE, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), the United States moves this Court for the issuance of a Preliminary Order of Forfeiture for Subsequently Discovered Property.

Dated: April 30, 2015					Respectfully submitted,

						RICHARD G. CALLAHAN
						United States Attorney

						 */s/ Richard E. Finneran*
						STEVEN A. MUCHNICK, #27597MO
						CHARLES S. BIRMINGHAM, #47134MO
						RICHARD E. FINNERAN, #60768MO
						Assistant United States Attorneys
						111 South 10th Street, Suite 20.333
						Saint Louis, Missouri 63102
						Telephone:	(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2015 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN, #60768MO
Assistant United States Attorney